# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL COMPLAINT** |
| v. | : | Hon. Michael A. Hammer |
| MICHAEL SABADOS, a/k/a "Michael Sabados, Jr.," and FRANK VENEZIA, a/k/a "Blaze" | : | Mag. No. 14- 4041 |

I, Mark Morina, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about April 18, 2014, in Hudson County, in the District of New Jersey, and elsewhere, defendants Michael Sabados, a/k/a "Michael Sabados, Jr." and Frank Venezia, a/k/a "Blaze," did:

> knowingly and intentionally conspire and agree with each other and with others to distribute and possess with intent to distribute a quantity of 3,4-Methylenedioxymethcathinone Hydrochloride ("methylone"), a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), in violation of Title 21, United States Code, Section 846.

I further state that I am a Special Agent with the United States Department of Homeland Security, and that this complaint is based on the following facts:

SEE ATTACHMENT A

_____
Special Agent Mark Morina
United States Department of Homeland Security

Sworn to before me and subscribed in my presence,
April 19, 2014, District of New Jersey

HONORABLE MICHAEL A. HAMMER
UNITED STATES MAGISTRATE JUDGE                Signature of Judicial Officer

*Agent Morina attested to the within affidavit by telephone on April 19, 2014 at 4:19pm pursuant to FRCP 4.1(b)(2)(A). [signed] MAH, USMJ 4/21/2014*

## ATTACHMENT A

I, Mark Morina, am a Special Agent with the Department of Homeland Security Investigations ("HSI"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about April 18, 2014, law enforcement agents intercepted a package ("package 1") sent from China and addressed to "Michael Sabados" at a residence in Bayonne, New Jersey (the "delivery address"). Package 1 was delivered to the delivery address and defendant MICHAEL SABADOS, a/k/a "Michael Sabados, Jr.," ("SABADOS") thereafter took possession of package 1. Agents later opened package 1 and discovered that it contained approximately two kilograms of a substance that field-tested positive for 3,4-Methylenedioxymethcathinone Hydrochloride ("methylone"), a Schedule I controlled substance.

2. While law enforcement agents were intercepting package 1, another package addressed to "Michael Sabados" ("package 2") arrived at the delivery address. SABADOS took possession of package 2. Package 2 was later found to contain approximately three kilograms of a substance that field-tested positive for methylone.

3. Later in the day on April 18, 2014, defendant FRANK VENEZIA, a/k/a "Blaze," ("VENEZIA") drove to the area of the delivery address and parked about a block away. Law enforcement agents observed SABADOS leave the delivery address with package 1 and package 2, walk to the car VENEZIA was driving, and place both packages into the trunk of the car. Law enforcement agents then observed VENEZIA hand SABADOS what agents later determined to be $500 cash through the open driver's side window. As VENEZIA began to drive away and SABADOS began to walk away, law enforcement agents placed both VENEZIA and SABADOS under arrest.

4. Law enforcement's investigation has revealed that "Frank Venezi," with the same driver's license number and date of birth as VENEZIA, made four separate $2,500 wire transfers to China on April 11, 2014. China is known to law enforcement agents as a source country for methylone.